IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTE PARRISH, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:10-CV-1396 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

September 29, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Donte Parrish ("Petitioner" or "Parrish"), an inmate presently confined at the Federal Correctional Institution Gilmer ("FCI Gilmer") in Glenville, West Virginia, commenced this *pro se* action by filing a Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2254. (Doc. 1.) He challenges his 2003 conviction in the York County Court of Common Pleas. Presently before the Court is a Motion filed on behalf of Respondents requesting that the Petition be dismissed as untimely. For the reasons set forth herein, the Motion will be granted, and the Petition will be dismissed.

## I.    FACTUAL BACKGROUND

In their brief in support of the instant Motion to Dismiss, Respondents summarize the Affidavit of Probable Cause that formed the basis for Parrish's arrest as follows:

> On September 19, 2002, at 2:57 AM, Officers from the York City Police Department were dispatched to the area of the 1st block of South Street for a call involving an assault with a firearm. Upon arriving on scene, a witness stated that the suspect was running south on South Court Street. The Officers turned the vehicle around onto Moul Lane (the alley between South Court Street and South Duke Street) and spotted the defendant Donte Parrish running south.
>
> The defendant entered a breezeway at 447 S. Duke Street, and the officers caught him on the other side of the breezeway on South Duke St. at E. Charles Lane. The defendant initially gave his name as 'Jamal Harris' however officers recognized the defendant as Donte Parrish.
>
> Upon searching the defendant they located a small green baggie containing crack cocaine. The officers returned to the breezeway at 447 S. Duke Street, and located another small green baggie containing crack cocaine along with two larger clear baggies containing crack cocaine, and a loaded .32 caliber revolver.

(Doc. 11, Brief, at 8[1].)

On August 12, 2003, Parrish pled guilty before the Honorable John S. Kennedy in the York County Court of Common Pleas to charges of False Identification to Law Enforcement and Possession of a Controlled Substance With the Intent to Deliver

---

[1] The citations to page numbers in this Memorandum refer to the page numbers generated by the CM/ECF filing system.

("PWID"), and pled no contest to the charge of Possession of a Firearm Without a License. (*Id.* at 6 ¶ 1; Doc. 11-2 at 4-11, Transcript of Guilty Plea Hearing; Doc. 11-2 at 12-20, Written Plea Colloquy.) Parrish was sentenced to a sixteen (16) to sixty (60) month term of incarceration for PWID; a twelve (12) to twenty-four (24) month term of incarceration for Possession of a Firearm; and a six (6) to twelve (12) month term of incarceration for False Identification to Law Enforcement. (Doc. 11 at 6 ¶ 2; Doc. 11-2, Transcript of Guilty Plea Hearing, at 10-11; *Commonwealth v. Parrish*, Docket No. CP-67-CR-0000128-2003, at 3[2].) The sentencing court directed that the three (3) sentences run concurrent for an aggregate sentence of sixteen (16) to sixty (60) months. (*Id.*)

Parrish did not file a direct appeal from his judgment of sentence. (Doc. 11 at 6 ¶ 3; *Commonwealth v. Parrish*, Docket No. CP-67-CR-0000128-2003.) On May 24, 2005, Parrish filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA Petition"). (Doc. 11 at 7 ¶ 6; *Commonwealth v. Parrish*, Docket No. CP-67-CR-0000128-2003, at 8.) On July 13, 2005, he filed an amended counseled petition. (Doc. 11 at 7 ¶ 6; *Commonwealth v. Parrish*, Docket No. CP-67-CR-0000128-2003, at 9; Doc. 11-2 at 21-22, Amended

---

[2]*See* Pennsylvania Common Pleas Courts Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

PCRA Petition.) However, on August 31, 2005, Parrish filed an Authorization in which he stated that he wished to withdraw his PCRA petition and understood that it would be withdrawn with prejudice. (Doc. 11 at 7 ¶ 6; Doc. 11-2 at 24, 8/31/05 Authorization.)

## II.   PROCEDURAL BACKGROUND

On July 6, 2010, Parrish filed the instant Petition (Doc. 1), and a Memorandum of Law (Doc. 2). In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to *pro se* habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their petitions), by Order dated July 9, 2010, Parrish was advised that (1) he could have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (*See* Doc. 4.) He was directed to file his Notice of Election form indicating his choice within forty-five (45) days from the date of the Order. (*See id.*)

Parrish filed his Notice of Election on July 16, 2010. (Doc. 5.) Because it appeared that the Petition may be barred by the one (1) year statute of limitations set

forth in 28 U.S.C. § 2244, by Order dated July 19, 2010, we directed Respondents to file a response solely addressing the Petition's timeliness. (Doc. 6.) The Order also provided that Parrish could file a reply to Respondents' submission within fourteen (14) days of its filing in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005). (*Id.*)

On July 27, 2010, Respondents filed the instant Motion requesting that we dismiss the Petition as untimely. (Doc. 7.) In accordance with a direction from the Clerk of Court, Respondents also filed a proposed order to accompany their Motion. (Doc. 8.) Parrish apparently believed that the proposed order was an Order entered by this Court, and that his Petition had been dismissed, and therefore, on August 9, 2010, he filed a Motion for a Certificate of Appealability. (Doc. 9.) By Order dated August 10, 2010, we clarified that the Petition had not been dismissed, denied the Motion as premature, and directed Respondents to file a brief in support of their Motion to Dismiss within fourteen (14) days. (Doc. 10.)

Respondents filed their brief (Doc. 11) and supporting materials (Doc. 11-2) on August 17, 2010. Parrish filed his brief in opposition (Doc. 12) on September 3, 2010. Accordingly, the Motion is fully briefed and ripe for review.

## III. DISCUSSION

The AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the portions of Section 2244(d) of Title 28 of the United States Code that are relevant to this action provide as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
> 
> . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (d) (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

### A. Statutory Tolling

In his reply brief, Parrish invokes § 2244(d)(1)(D), which would allow the one-year period to file for relief in this Court to begin running on the date on which the factual predicate of his claims could have been discovered through due diligence. (*See id.* at 3.) He asserts that he "admitted innocence" to the charges to which he pled guilty and no

6

contest, but he was ignored, and therefore, he was forced to find legal support for his claims and now, six (6) years later, is presenting that support, including case law showing that both his conviction and the Court's acceptance of his plea were unconstitutional. (*See id.*)

Parrish's reliance on § 2244(d)(1)(D) is misplaced. As to his contention that he "admitted innocence" to the charges to which he pled guilty, he clearly admitted on the record that he possessed drugs and that he intended to sell them. (*See* Doc. 11-2, Transcript of Plea Hearing, at 6.) Although Parrish accurately recalls that he stated on the record that he was not in possession of a gun at the time he was apprehended, he omits that the sentencing court explained the ramifications of accepting a no contest plea on that charge as well as the alternative of taking the charge to trial, and that Parrish clearly stated his understanding of entering a plea of no contest as well as his intention to enter that plea. (*See id*. at 6-8.) Moreover, the factual predicate for Parrish's actual innocence claim would have been known to him from the time of the alleged crime. As such, it is not a claim that he would have discovered at a later time through the exercise of due diligence, and therefore, § 2244(d)(1)(D) is inapplicable.

Nevertheless, we will consider whether Parrish is entitled to statutory tolling on any other basis. As set forth above, the time for filing a federal habeas petition begins to run when the judgment of sentence becomes final. However, this time period is

suspended during the pendency of properly filed state post-conviction proceedings. A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

In the instant case, because Parrish did not file a direct appeal following his August 12, 2003 sentencing, his judgment of sentence became final when the time for filing a direct appeal expired thirty (30) days later, or on September 11, 2003. *See* Pa. R. Crim. P. 720(A)(3). Therefore, the one-year § 2244 limitations period began running on September 11, 2003, and because Parrish did not file any petitions for collateral relief,

the time period expired on September 13, 2004.³ Because Parrish's PCRA Petition was filed on May 24, 2005, which was after the expiration of the § 2244 limitations period, the filing of that petition did not toll the time for filing a petition for habeas corpus in federal court, and therefore, Parrish cannot benefit from statutory tolling. *See Tinker*, 255 F.3d at 1333.

### B.     Equitable Tolling

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones,* 195 F.3d at 159 (citing *Miller v. New Jersey State Department of Corrections,* 145 F.3d 616 (3d Cir.1998)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence

---

³Because the end of the one-year period, September 11, 2004, was a Saturday, the § 2244 time period expired on Monday, September 13, 2004. *See* Fed. R. Civ. P. 6(a)(1)(C).

9

in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Parrish asserts that he is entitled to equitable tolling because he is actually and factually innocent of the charges stemming from the events of September 19, 2002 to which he pled guilty and no contest. (*See* Doc. 2, Memorandum of Law; Doc. 12, Opposition Brief.) The Third Circuit has not yet decided whether a claim of actual innocence can equitably toll the AEDPA statute of limitations. *See Horning v. Lavan*, 197 Fed. Appx. 90, 93 (3d Cir. 2006) (citing *United States v. Davies*, 394 F.3d 182, 191

n.8 (3d Cir. 2005)).

However, even if an actual innocence claim can equitably toll the AEDPA limitations period, Parrish's claim would fail. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner must show "factual innocence, not mere legal insufficiency." *Bousley*. 523 U.S. at 623. This standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "[C]laims of actual innocence are rarely successful," and "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324 (citation omitted).

In his reply brief, Parrish plainly admits that he does not have any new evidence to present in support of his claim. (*See* Doc 12 at 4.) He claims that he is setting forth a "newly discovered error" that his conviction and the trial court's acceptance of his plea are illegal because there is no evidence that he was "carrying" a firearm as is required for

11

a conviction by the United States Supreme Court's decision in *Bailey*, and his mere presence near the scene of the crime is insufficient to allow him to be convicted of the drug and gun charges. (*See id.* at 3-6.)

With respect to the former argument, in *Bailey v. United States*, 516 U.S. 137 (1995), the United States Supreme Court held that, in order to be convicted under 18 U.S.C. § 924(c)(1), which requires the imposition of specified penalties if a defendant uses or carries a firearm during a federal drug trafficking crime, a showing of mere possession is insufficient; rather, the defendant must be shown to have actively employed the firearm. *Bailey*, 516 U.S. at 142-43. *Bailey* is inapplicable to Parrish because he was not charged under federal law, but was charged and sentenced under the laws of the Commonwealth of Pennsylvania, and specifically 35 P.S. § 780-113(a)(16) (PWID); 18 Pa. Cons. Stat. § 6101, *et seq.* (Possession of a Firearm Without a License); and 18 Pa. Cons. Stat. § 4914(a) (False Identification to Law Enforcement Officer). (*See Commonwealth v. Parrish*, Docket No. CP-67-CR-0000128-2003.[4]) Therefore, Parrish's argument that his conviction and the sentencing court's acceptance of his plea violate *Bailey* does not form the basis for equitable tolling.

With regard to his claim that his mere presence at the scene is insufficient for him to be convicted of the drug and gun charges, Parrish avers that this claim is not one

---

[4]*See* Pennsylvania Common Pleas Courts Docket Sheets, *supra*, n. 2.

of "insufficient evidence," but rather one of "no evidence what so ever." (*See* Doc. 12 at 6.) He explains that there was no evidence in his case because the prosecutor is required to provide a theory as to how the gun and drugs came to be in the alleyway where they were found since "just finding a gun and drugs is not a crime." (*See id*.) He contends that there was no nexus supplied to connect him to the drugs and gun that were found. (*See id.*)

Regardless of whether Parrish frames his claim as one of "insufficient evidence" or "no evidence," as set forth above, in order to succeed in obtaining equitable tolling based on a claim of actual innocence, he needs to point to reliable evidence to support his claim. He fails to do so. Instead, he suggests that the prosecutor who was present at his plea hearing was required to advance a theory as to how Parrish was guilty of the crimes with which he was charged, and that, absent this theory, the Court should not have accepted his plea. It is not clear when Parrish expected the prosecutor to advance this theory, particularly where Parrish agreed on the record that he was choosing to enter into a plea, that he was entering it voluntarily, that he understood what would have to be proven for him to be convicted, and that he was satisfied with his attorney's representation (*see* Doc. 11-2 at 4-11), and further indicated his agreement and understanding in the written plea agreement (*see id*. at 12-20). Because Parrish fails to point to reliable evidence to demonstrate his actual innocence, he has failed to show that

13

there are extraordinary circumstances that would warrant equitable tolling.

## IV. CONCLUSION

Because Parrish has not established entitlement to either statutory or equitable tolling, and his Petition was filed after the expiration of the § 2244(d) limitations period, this matter clearly is time-barred and cannot be considered by this Court. An appropriate Order will enter.